Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| LT AUTOMATION, INC.<br><br>Recurrida<br><br>v.<br><br>GOBIERNO MUNICIPAL DE GUAYANILLA<br><br>Peticionario | KLCE202400216 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Yauco<br><br>Civil núm.: GY2022CV00142<br><br>Sobre: Revisión Administrativa |

Panel integrado por su presidente, el juez Sánchez Ramos, el juez Pagán Ocasio, el juez Marrero Guerrero y la jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2024.

El Tribunal de Primera Instancia ("TPI") denegó la desestimación de un recurso de revisión de una notificación, por un municipio, de una deficiencia en el pago de un arbitrio de construcción. Según se explica a continuación, concluimos que actuó correctamente el TPI, pues, por la naturaleza del recurso, no es aplicable lo dispuesto en las Reglas de Procedimiento Civil en cuanto al emplazamiento, sino que el recurso puede ser notificado al municipio, como lo fue aquí, por correo certificado con acuse de recibo.

I.

El 6 de septiembre de 2022, LT Automation, Inc. (la "Recurrente") presentó ante el TPI una acción de revisión judicial (el "Recurso") en contra del municipio de Guayanilla (el "Municipio"). Se solicitó la revisión de una *Determinación de deficiencia de arbitrios de construcción* (la "Determinación Administrativa") notificada por el Municipio, a la Recurrente, el 16 de agosto de 2022. El mismo 6 de septiembre, la Recurrente le acreditó al TPI que le

había notificado el Recurso al Municipio mediante correo certificado con acuse de recibo.

En diciembre de 2022, el Municipio solicitó la desestimación del Recurso (la "Moción"). En lo pertinente, planteó que "la revisión judicial contemplada en el Código Municipal de Puerto Rico es una acción civil" que requiere que la parte recurrente cumpla con la Regla 4 de las de Procedimiento Civil, *infra*, en cuanto al emplazamiento de una parte demandada. El Municipio arguyó que, como el Recurrente no cumplió con dicha disposición, sino que le notificó el Recurso por correo certificado con acuse de recibo, la acción de referencia debía desestimarse.

La Recurrente se opuso a la Moción. Arguyó que, por tratarse la acción de referencia de un recurso de revisión judicial, "no procede el emplazamiento personal conforme la Regla 4 de Procedimiento Civil". Añadió que era incontrovertido que, dentro del término aplicable, se había presentado el recurso y se había enviado al Municipio el mismo mediante "correo certificado con acuse de recibo".

Mediante una Orden notificada el 14 de marzo (la "Orden"), el TPI denegó la Moción.

El 29 de marzo, el Municipio solicitó la reconsideración de la Orden, lo cual fue denegado por el TPI mediante una Resolución notificada el 22 de enero.

Inconforme, el 21 de febrero, el Municipio presentó el recurso que nos ocupa, en el cual reproduce lo planteado en la Moción. Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913,

917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene discreción para determinar si expide el auto y, así, revisa los méritos de la determinación recurrida. Sin embargo, esta discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*; al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. ... .

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación. *Torres Martínez, supra.*

III.

Concluimos que actuó correctamente el TPI al denegar la Moción. Contrario a lo planteado por el Municipio, no aplica en este contexto la Regla 4 de las de Procedimiento Civil. 32 LPRA Ap. V, R. 4.

La Regla 4, *supra*, solo aplica cuando, a través de una acción judicial ordinaria, se inicia una reclamación. En cambio, esta regla no aplica cuando, como ocurre aquí, el recurso presentado ante el TPI es de revisión judicial de una determinación administrativa. Adviértase que, en este caso, quien realmente inició la litigación formal entre las partes fue el Municipio, al notificar la Determinación Administrativa a la Recurrente. El Recurso es, en este contexto, una actuación defensiva de la Recurrente, mediante la cual se impugna la Determinación Administrativa, de conformidad con lo contemplado por ley.

Por tanto, y por analogía, rige aquí, en cuanto a la notificación del Recurso, lo dispuesto sobre la notificación de un recurso de revisión judicial en el Reglamento del Tribunal de Apelaciones, que es el foro que ordinariamente atiende en primera instancia este tipo

de asunto.  Véase Regla 58(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 58(B).  Nuestra conclusión se fortalece al advertirse que la Ley 107-2020 ("Código Municipal") no dispone nada en cuanto a la forma en que recursos como el de referencia deben ser notificados.

Al surgir de forma incontrovertida del récord que la Recurrente notificó el Recurso al Municipio oportunamente y de conformidad con lo dispuesto en la Regla 58(B), *supra*, el TPI actuó conforme a derecho al denegar la Moción.

IV.

Por los fundamentos antes expuestos, se deniega expedir el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones